UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                Plaintiff,

      -against-

OFFICER PATRICK CULLEN (OF NYSDOCCS), et al.,

                Defendants.

20-CV-7931 (LLS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently detained in the Rockland County Correctional Facility, brings this action *pro se*. He seeks to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). But Plaintiff is barred under the Prison Litigation Reform Act's (PLRA) three-strikes provision, 28 U.S.C. § 1915(g), from filing any new action IFP while a prisoner unless he is in imminent danger of serious physical harm. For the reasons discussed below, the Court dismisses this action without prejudice.

## DISCUSSION

      Congress adopted the PLRA with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020); *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1]

The Court has previously recognized that Plaintiff is barred under § 1915(g) from bringing new actions IFP while a prisoner. *See Vasquez v. United States*, ECF 1:18-CV-6211, 6 (S.D.N.Y. Aug. 31, 2018) (*Vasquez IV*). That order relied on the following dismissals as strikes: *Vasquez v. Town of Haverstraw Police Dep't*, ECF 1:15-CV-8852, 8 (LAP) (S.D.N.Y. May 20, 2016) (*Vasquez I*) (dismissing amended complaint for failure to state a claim, but declining to exercise supplemental jurisdiction over state-law claims); *Vasquez v. Rockland Cnty Sheriff's. Dep't*, ECF 7:15-CV-8912, 32 (S.D.N.Y. Feb. 2, 2017) (*Vasquez II*) (dismissing amended complaint for failure to state a claim); and *Vasquez v. Kent*, ECF 1:15-CV-9253, 14 (S.D.N.Y. May 20, 2016) (*Vasquez III*) (dismissing false imprisonment and lack of due process claims for failure to state a claim; construing challenge to conviction as *habeas corpus* petition and denying for lack of exhaustion).

At the time Plaintiff filed *Vasquez IV*, in which the bar order was entered, it appeared that the dismissals of *Vasquez I-III* constituted strikes. But more recently, the Second Circuit held in *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019), that only an action or appeal dismissed in its entirety as frivolous, malicious, or for failure to state a claim counts as a strike. Orders that dismiss actions in part on non-strike grounds do not qualify as strikes. *Id.* ("[M]ixed dismissals are not strikes under the PLRA."). In an abundance of caution, the Court has

---

[1] A prisoner's federal civil action that is dismissed for one of the three reasons listed in § 1915(g), but without prejudice, is still considered a strike for the purposes of the PLRA. *See Lomax*, 140 S. Ct. at 1726-27.

conducted a review of Plaintiff's filings to ensure that he has acquired at least three strikes and is indeed barred under § 1915(g) from proceeding IFP with this action.

Based on the review, the Court has determined that *Vasquez I* and *Vasquez III* no longer qualify as strikes because they are "mixed dismissals." *Vasquez I* is a mixed dismissal: the court dismissed the federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(c). *Vasquez III* is also a mixed dismissal: the court dismissed the civil rights claims for failure to state a claim but recharacterized the portion challenging Plaintiff's conviction as a *habeas corpus* action and denied it for his failure to exhaust state remedies. *See Jones v. Smith*, 720 F.3d 142, 145-46 (2d Cir. 2013) (holding that there is no indication that the "PLRA was intended to cover *habeas* petitions filed pursuant to 28 U.S.C. §§ 2254 or 2255").

Nevertheless, it appears that, as of the date that he filed this action, Plaintiff had brought at least three prior actions while a prisoner that were dismissed entirely on strike grounds:

(1) *Vasquez II*, which was dismissed solely on the ground of failure to state a claim on which relief may be granted;

(2) *Vasquez v. Apotheker*, ECF 1:15-CV-9346, 6 (S.D.N.Y. Apr. 1, 2016), which was dismissed under the doctrine of judicial immunity and therefore as frivolous; and

(3) *Vasquez v. Doe*, ECF 7:15-CV-8845, 92 (S.D.N.Y. May 6, 2019), which was dismissed as time-barred with prejudice.[2]

---

[2] The dismissals of a complaint based on the expiration of the applicable statute of limitations count as strikes for the purpose of § 1915(g). *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (A complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim."); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same).

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless the complaint alleges sufficient facts to show that he was under imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (stating that "it is not sufficient to allege that 'harms . . . had already occurred'" before the complaint is filed) (citation omitted). To meet the exception, a complaint must also demonstrate some "nexus between the imminent danger it alleges and the claims it asserts." *Pettus*, 554 F.3d at 298.

Here, Plaintiff's claims arise from events that occurred on February 8, 2018, when Defendants allegedly used excessive force against Plaintiff while arresting him on a parole violation warrant at his family's house in New City, New York. Plaintiff filed this action while detained in the Rockland County Correctional Facility, more than two years and seven months after the alleged violations. Because any danger he may have faced during the February 8, 2018 arrest had dissipated by the time he filed this action, Plaintiff has failed to allege any facts that suggest that he was under imminent danger of serious physical injury.

Because Plaintiff is barred from filing this action IFP, the Court denies his application to proceed IFP and dismisses this action without prejudice.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any*

4

remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.* The Clerk of Court is also directed to terminate any other pending matters in this case.

SO ORDERED.

Dated: February 9, 2021
       New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

---

civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).